UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JEFFREY NELSON,

                      Plaintiff,

    -vs-

CORRECTION OFFICER MARC McGRAIN,

                      Defendant.

**DECISION AND ORDER**
**No. 6:12-CV-6292(MAT)**

---

## I. Introduction

Pro se plaintiff Jeffrey Nelson ("Nelson" or "Plaintiff"), an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") commenced this action pursuant to 42 U.S.C. § 1983 asserting that Defendant Correction Officer Marc McGrain ("CO McGrain" or "Defendant") violated his constitutional rights on various occasions while he was housed at Southport Correctional Facility ("Southport"). Defendant has filed a motion for summary judgment (Dkt #7), which Plaintiff has opposed.

## II. General Legal Principles

### A. Motions to Dismiss for Failure to State a Claim

Rule 12(b)(6) allows dismissal of complaints based upon the plaintiff's failure "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In order "[t]o survive a motion to dismiss under [Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face.'" Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)). In assessing a claim's plausibility, the district court must "assume [the] veracity" of all well-pleaded factual allegations contained in the complaint, Iqbal, 129 S. Ct. at 1950, and draw every reasonable inference in favor of the plaintiff, Zinermon v. Burch, 494 U.S. 113, 118 (1990). However, the plaintiff's allegations must consist of more than mere labels or a "formulaic recitation of the elements of a cause of action," and bare legal conclusions are "not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1949–50.

**B.    Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Initially, the moving party must show that there is "an absence of evidence to support the non-moving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has carried its burden, the opposing party must set forth "specific facts showing that there is a genuine issue for trial[,]" FED. R. CIV. P. 56(e), and must introduce evidence beyond the mere pleadings to show that

there is an issue of material fact concerning "an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

A material fact is genuinely in dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The reviewing court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir. 1992) (citation omitted). Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.) (citing Anderson, 477 U.S. at 250-51), cert. denied, 502 U.S. 849 (1991). If, "as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper." Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc., 391 F.3d 77, 83 (2d Cir. 2004) (quotation omitted).

**III. Discussion**

Nelson alleges that CO McGrain violated his constitutional rights in various ways on several different occasions, and that these actions represent a pattern of retaliatory conduct directed

at quelling his exercise of his First Amendment right to seek redress of grievances.

### A. Verbal Harassment on August 29, 2011

On August 29, 20111, Plaintiff alleges that Defendant stated to him, "Stop writing complaints on the staffs [sic]! Do you hear me you deaf retard! Cause I can make your stay here very miserable!" Defendant then "pull[ed] his pants down and jam[med] his buttock[s] in the feed up slot and pass[ed] gas[,]" while stating, "[I]f you don't hear that you will sure smell it!" Plaintiff's Affidavit ("Pl's Aff.") at 2. According to Plaintiff, these threats "intimidated [him] with fearful panic attack of worrying about being set up with unlawful contraband." Id. (citing Declaration of Assistant Attorney General Hillel Deutsch, Esq. ("Deustch Decl."), Exhibit ("Ex.") B).

Verbal harassment does not rise to the level of a constitutional violation. See Cuoco v. Moritsugu, 222 F.3d 99, 109 (2d Cir. 2000) (noting that "rudeness and name-calling does not rise to the level of a constitutional violation"); Purcell v. Coughlin, 790 F.2d 263, 265 (2d Cir. 1986) (similar). Because the verbal harassment and derogatory remarks alleged do not constitute a constitutional violation, the verbal harassment claim is dismissed. See, e.g., Prior v. Goord, 2007 WL 2088885, at *3 (N.D.N.Y. July 19, 2007); Ebron v. Lantz, 2006 WL 18827, at *3-4 (D.Conn. Jan. 4, 2006) (citing cases).

Plaintiff's claim Defendant directed flatulence into his cell must be dismissed because it does not allege any appreciable injury. See McEachin v. McGuinnis, 357 F.3d 197, 203 n. 6 (2d Cir. 2004) ("There may be inconveniences so trivial that they are most properly ignored . . . [thus] the time-honored maxim de minimis non curat lex applies.").

**B.     Service of a Contaminated Meal on September 3, 2011**

On September 3, 2011, Plaintiff alleges, Defendant served him a meal that was contaminated with chewing tobacco-laden saliva. "Although '[t]he Constitution does not require that sentenced prisoners [receive] every amenity which one might find desirable,' Wolfish v. Levi, 573 F.2d 118, 125 (2d Cir. 1978), rev'd on other grounds sub nom. Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), the Eighth Amendment prohibition against cruel and unusual punishment does require that prisoners be served 'nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it.'" Robles v. Coughlin, 725 F.2d 12, 15 (2d Cir. 1983) (quoting Ramos v. Lamm, 639 F.2d 559, 571 (10th Cir. 1980), cert. denied, 450 U.S. 1041 (1981)).

The service of a single contaminated meal does not amount to an injury of constitutional proportion. Cf. Robles, 725 F.2d at 15 (finding that allegations that prison officials regularly contaminated inmates' meals with "dust, rocks, glass and human

waste" was sufficient to withstand sua sponte dismissal by district court).

**C.   Throwing of Meal on September 4, 2011**

Plaintiff complains that on September 4, 2011, Defendant "threw [his] noon meal through the feed-up slot and walked away." Complaint, ¶ 10. This claim contains no allegation of any injury and thus plainly fails to set forth a colorable constitutional violation.

**D.   Service of an Incomplete Meal on September 5, 2011**

On September 5, 2011, Plaintiff alleges, Defendant served him only hot dog buns and not the rest of his noon meal. Plaintiff further contends the hot dog buns he received were contaminated with *H. Pylori* bacteria. According to Plaintiff, after eating the hot dog buns, he began suffering nausea and stomachaches and was treated with Prilosec, an over-the-counter heartburn medication.

"[U]nder certain circumstances a substantial deprivation of food may well be recognized as being of constitutional dimension." Robles, 725 F.2d at 15 (citations omitted). In this Circuit, courts have held that when a correction officer deprives a prisoner of two of the three regular meals served each day, the objective prong of the Eighth Amendment may be met if the prison officials do not show that the one meal served is nutritionally adequate. Beckford v. Portuondo, 151 F. Supp.2d 204, 213 (N.D.N.Y. 2001) (citing Cunningham v. Jones, 567 F.2d 653, 660 (6th Cir. 1977)).

Plaintiff's allegation that he was served only hot dog buns at one out of his three daily meals on a single day thus does not suffice to state an Eighth Amendment claim.

Plaintiff's claim that the hot dog buns were contaminated with *H. Pylori* bacteria is based on pure speculation. See Livingston v. Goord, 225 F. Supp.2d 321, 332-33 (W.D.N.Y. 2002) (granting summary judgment to defendants regarding inmate's claim that his meals were drugged because "even assuming that the food was contaminated by someone, it would . . . be speculative to conclude that these defendants were the culprits simply because they delivered plaintiff's food to him"), rev'd on other grounds, Livingston v. Piskor, 153 F. App'x 769 (2d Cir. 2005).

Furthermore, while Plaintiff's grievance regarding this incident does allege Defendant served him only hot dog buns, it makes no mention that he suffered nausea, stomachache, or a bacterial infection. See Deutsch Decl. Because Plaintiff never grieved the issue of bacterial contamination, he has not exhausted his administrative remedies regarding this aspect of his claim. See, e.g., Donahue v. Bennett, No. 02-CV-6430 CJS, 2004 WL 1875019, at *7-8 (W.D.N.Y. Aug. 17, 2004) (where Plaintiff grieved certain medical claims stemming from an alleged use of force, but not others, the claims not specifically grieved were dismissed based on the failure to exhaust administrative remedies).

**E.  Verbal Harassment on September 12, 2011**

On September 12, 2011, Plaintiff asserts, Defendant approached Plaintiff's cell and yelled, "[N]obody believe [sic] you! It's not over!" Complaint, ¶ 13. Plaintiff interpreted this as a threat that Defendant was going to frame him for possession of an unlawful weapon. Id. Plaintiff states he grieved the incident, citing to Southport Grievance Number 522229-11. This allegation is far too speculative and conclusory set forth a constitutional claim. Furthermore, Plaintiff "has no constitutional right . . . to be free from verbal harassment and threats." Tate v. Robinson, 1998 WL 214429, at *2 (N.D.N.Y. Apr. 23, 1998).

**F.  Physical and Sexual Assault on September 16, 2011**

On September 16, 2011, Plaintiff alleges he sustained injuries from having handcuffs applied too tightly. He also alleges that Defendant forced Plaintiff to bend over while he (Defendant) pulled Plaintiff's underwear down and "force[d] his finger into [Plaintiff's] anal cavity while stating, 'stop resisting!'" Pl's Aff. at 5. Plaintiff states that the assault was interrupted when another correction office called out that a sergeant was coming back with a group of inmates. Id.

In support of this claim, Plaintiff attaches an injury report from the date of the alleged incident, which found "no injuries noted upon visual inspection of face, head, trunk and extremities that are recent. [Plaintiff] [h]as three healing scratches inside

left wrist." Complaint, Ex. B. Plaintiff contends he filed a grievance regarding the incident but did not receive any response, which led him to "notify facility staffs [sic] of the incident." Id., ¶ 16. However, Plaintiff does not assert that he filed an appeal to either the facility superintendent or Central Office Review Committee ("CORC"). Id. Defendant asserts that Plaintiff has failed to exhaust his administrative remedies with regard to this claim.

Under the Prison Litigation Reform Act ("PLRA"), exhaustion of administrative remedies is, in general, a mandatory precondition to commencement of a § 1983 action. See 42 U.S.C. §1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); Porter v. Nussle, 534 U.S. 516, 532 (2002) (exhaustion is required for "all inmate suits about prison life"); Booth v. Churner, 532 U.S. 731, 734 (2001) (exhaustion required before filing a Section 1983 claim for monetary damages even though monetary damages are unavailable as an administrative remedy).

To properly exhaust a claim, a prisoner must comply with the relevant state-provided grievance procedures. Jones v. Bock, 549 U.S. 199, 218 (2007); see also Woodford v Ngo, 548 U.S. 81 (2006)

(PLRA requires "proper exhaustion . . . [which] demands compliance with an agency's deadlines and other critical procedural rules).

Here, Nelson asserts that he filed a grievance regarding the alleged use of force and sexual abuse, but did not receive a response. Complaint, ¶ 16. Plaintiff states he then "notified facility staffs [sic] of the incident[,]" id., but does not indicate who he notified or how such notification was accomplished. Furthermore, Plaintiff does not assert that he notified the facility superintendent or the CORC, or that he made any attempt to re-file the grievance either at Soutport or upon his transfer to another facility. Similarly, Plaintiff does not assert that he investigated the proper procedure to be followed when an inmate does not file a grievance.

Sabrina Vonhagn ("Vonhagn"), a grievance supervisor at Southport, found no documentation that Plaintiff ever filed any grievance related to the alleged September 16th assault. See Declaration of Sabrina Vonhagn ("Vonhagn Decl."). Vonhagn explains that grievance staff at Southport make weekly rounds to determine if any inmates have questions pertaining to grievances they may have filed or wish to file, and any such questions are logged in the grievance office's correspondence file. At no point did Plaintiff inquire into the status of the grievance he claims to have filed, ask to re-file the grievance, or request information on how to proceed when a grievance is not properly processed.

It is well-settled that, when contradicted by declarations from corrections staff, an inmate's "unsupported allegation [in the complaint] that he filed a grievance . . . is insufficient to withstand a motion for summary judgment." Ferguson v. Jones, No. 10 Civ. 817(PGG), 2011 WL 4344434, at *5 (S.D.N.Y. Sept. 12, 2011) (quoting Santiago v. Murphy, No. 08-CV-1961(SLT), 2010 WL 2680018, at *3 (E.D.N.Y. June 30, 2010)); see also Hicks v. Baines, 593 F.3d 159, 166 (2d Cir. 2010)("[M]ere conclusory allegations . . . cannot by themselves create a genuine issue of material fact where none would otherwise exist."); Rodriguez v. Hahn, 209 F. Supp.2d 344, 348 (S.D.N.Y. 2002) ("Proceeding pro se does not otherwise relieve a litigant of the usual requirements of summary judgment, and a pro se party's bald assertions unsupported by evidence, are insufficient to overcome a motion for summary judgment.") (internal quotations omitted).

The Second Circuit has recognized the following three exceptions to the requirement for exhaustion of administrative remedies: "when (1) administrative remedies are not available to the prisoner; (2) defendants have either waived the defense of failure to exhaust or acted in such a way as to estop them from raising the defense; or (3) special circumstances, such as reasonable misunderstanding of the grievance procedures, justify the prisoners failure to comply with the exhaustion requirement." Ruggiero v. County of Orange, 467 F.3d 170, 175 (2d Cir. 2006). The

Second Circuit has held that "'[a]lert[ing] the prison officials as to the nature of the wrong for which redress is sought,' . . . does not constitute proper exhaustion." Marias v. Zenk, 495 F.3d 37, 44 (2d Cir. 2007) (quotation omitted). "[N]otice alone is insufficient because '[t]he benefits of exhaustion can be realized only if the prison grievance system is given fair opportunity to consider the grievance' and '[t]he . . . system will not have such an opportunity unless the grievance complies with the system's critical procedural rules.'" Id. (quoting Woodford, 549 U.S. at 95).

In this case, Plaintiff makes no claim administrative remedies were unavailable to him; indeed, he affirmatively represents that he had filed multiple grievances in the days prior to the alleged incident. See Complaint ¶¶ 10, 11, 12, 13. Thus, the first Ruggiero exception is inapplicable. Likewise, the second exception does not apply, for Defendant raised the defense of non-exhaustion in a timely matter, and the record reflects no actions which may be construed as a waiver by Defendant or other estoppel against him. Finally, no "special circumstances" are present which justify Plaintiff's failure to exhaust. Plaintiff clearly was on notice of the requirement to appeal his grievance. First, he was informed of the requirement in an orientation packet describing grievance procedures at Southport. See Vonhagn Decl. Second, grievance supervisors were available on their weekly rounds to answer any

questions Plaintiff may have had. Id. Third, information, including the DOCCS Directive pertinent to the grievance procedure, was available for Plaintiff to review at the law library. Id.

The grievance procedure provided by DOCCS consists of three stages. Hernandez v. Coffey, 582 F.3d 303, 305 (2d Cir. 2009) (outlining grievance procedure). Each level of the grievance procedure must be exhausted before an inmate may commence litigation in federal court. See Porter, 534 U.S. at 524; see also Guarneri v. West, 782 F. Supp.2d 51, 60 (W.D.N.Y. 2011) (dismissing for want of exhaustion inmate's § 1983 claims; although inmate filed three separate grievances concerning inability to attend religious services and similar issues, and unsuccessfully appealed them to the superintendent, he failed to take the final step of appealing them to CORC).

Courts in this Circuit have held that an inmate who has failed to appeal a grievance to the facility superintendent and the CORC has failed to exhaust administrative remedies, even if he filed a grievance initially and received no response. Williams v. Hupkowicz, No. 04-CV-51S(F), 2007 WL 1774876, at *4 (W.D.N.Y. June 18, 2007) ("Even assuming that an inmate received no timely official response as contemplated by the regulations to a grievance at any stage in the inmate grievance process, the inmate could nevertheless appeal such grievance to the next level, and the failure to do so constitutes a failure to exhaust his

administrative remedies as required under the PLRA.") (citation omitted); George v. Morrison-Warden, No. 06 Civ. 3188(SAS), 2007 WL 1686321, at *3 & n.55 (S.D.N.Y. June 11, 2007) (holding that, even when an inmate files a grievance and receives no response, he must nevertheless properly exhaust all appeals before his grievance is considered exhausted) (citations omitted).

For the foregoing reasons, the Court concludes that Plaintiff's claims concerning the allegedly too-tight handcuffs and the sexual assault are unexhausted and that Plaintiff has no justification for his failure to exhaust.

**IV. Conclusion**

Defendant's motion to dismiss (Dkt #7) is granted for the reasons discussed above. Plaintiff's complaint (Dkt #1) is dismissed with prejudice. The Clerk of the Court is requested to close this case.

**IT IS SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   October 22, 2013
         Rochester, New York