```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
___

JEFFREY NELSON,

                             Plaintiff,    **DECISION AND ORDER**
                                                  **No. 6:12-CV-6292(MAT)**

     -vs-

CORRECTION OFFICER MARC McGRAIN,

                             Defendant.
___

    On March 5, 2015, a panel of the United States Court of Appeals for the Second Circuit issued an order vacating in part this Court's decision and order granting summary judgment in favor of Defendant and dismissing Plaintiff's complaint alleging various civil rights violations. See Nelson v. McGrain, No. 13-4226-pr (2d Cir. Mar. 5, 2015) (summary order).[1] In particular, the Second Circuit "vacate[d] the judgment insofar as it awarded judgment on [Plaintiff]'s First Amendment claim and remand[ed] for [this Court] to consider that claim in the first instance[,]" and it "further directed [this Court] to consider whether [Plaintiff]'s allegations, understood as retaliation claims, excused any failure to exhaust administrative remedies as to his [1] sexual assault allegations and his [2] claim that false misbehavior reports were filed against him." Id. (citing Hemphill v. New York, 380 F.3d 680, 686-90 (2d Cir. 2004)).

    Accordingly, the Court is requesting additional briefing from

___

    [1]    The Second Circuit's summary order has not yet been issued as a mandate and filed in this Court.

-1-

both Plaintiff and Defendant on the issues identified by the Second Circuit in its order, namely, (1) the merits of Plaintiff's First Amendment retaliation claim that the Second Circuit has discerned in Plaintiff's pleadings, (2) whether Plaintiff's First Amendment retaliation claim excuses, under Hemphill, 380 F.2d at 686-90,[2] Plaintiff's failure to exhaust his administrative remedies as to the following claims (a) his Eighth Amendment claim based on the alleged sexual assault upon him by Defendant, and (b) his due process claim that false misbehavior reports were filed against him.

Defendant's additional briefing is due 30 days from the date of entry of this order. Plaintiff's additional briefing is due 30 days from the date of his receipt Defendant's briefing, but in no event later than May 11, 2015, at which time the matter will be deemed submitted. Along with their briefing, the parties may submit any supplemental documents that will assist the Court in resolving the issues identified above.

**SO ORDERED.**

S/ Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   March 10, 2015
         Rochester, New York

---

[2] To assist Plaintiff, who is acting pro se, the Court is sending a copy of the Hemphill decision to Plaintiff along with this order.