UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JEFFREY A. NELSON,

        v.

MARC MCGRAIN,
        Defendant.

DECISION & ORDER
12-CV-6292

Currently pending before this Court is defendant Marc McGrain's motion for an exhaustion hearing (Docket # 34) and plaintiff Jeffrey A. Nelson's motion for appointment of counsel (Docket # 29). For the reasons that follow, I deny both motions. Plaintiff's motion to expedite this proceeding (Docket # 43) is therefore denied as moot.

### Defendant's Motion for an Exhaustion Hearing

Background: Plaintiff Jeffrey A. Nelson ("plaintiff" or "Nelson") commenced this action pursuant to 42 U.S.C. § 1983 asserting that defendant Correction Officer Marc McGrain ("CO McGrain" or "defendant") violated plaintiff's First and Eighth Amendment constitutional rights on various occasions while he was housed at Southport Correctional Facility. Defendant filed for summary judgment with respect to each of these occasions, and the Honorable Michael A. Telesca dismissed all of plaintiff's claims. See Decision & Order, Docket # 11.

1

Plaintiff appealed Judge Telesca's decision to the Second Circuit. On appeal, the Second Circuit "vacate[d] the judgment insofar as it awarded judgment on [plaintiff's] First Amendment claim and remand[ed] for [the Court] to consider that claim in the first instance." Nelson v. McGrain, 596 Fed. App'x 37, 38 (2d Cir. 2015). The Second Circuit directed Judge Telesca to "consider whether Nelson's allegations, understood as retaliation claims, excused any failure to exhaust administrative remedies as to his sexual assault allegations and his claim that false misbehavior reports were filed against him." Id.

The Second Circuit issued its decision on March 5, 2015. On March 10, 2015, Judge Telesca directed defendant to submit additional briefing on the issues identified by the Second Circuit within 30 days, and plaintiff to submit additional briefing 30 days after defendant filed his brief. See Docket # 17. Defendant filed his brief on April 9, 2015. See Docket # 18. The following day, the Second Circuit's "mandate" regarding its decision was docketed. See Docket # 19. This triggered Judge Telesca to issue another scheduling order on April 15, 2015, for defendant to supply additional briefing within 30 days and plaintiff to file his brief 30 days later. See Docket # 20.

These twin scheduling orders confused the parties. Plaintiff filed a brief, dated April 16, 2015, on April 21, 2015. See Docket # 22. It appears that plaintiff drafted and mailed this brief

2

prior to receiving the Court's April 15, 2015 order setting a new briefing schedule. Defendant did not submit any further briefing pursuant to the April 15, 2015 order, having already submitted a brief on April 9, 2015, and apparently believing that Judge Telesca had not intended to give defendant an opportunity to respond to plaintiff's arguments. Plaintiff, having not received a brief from defendant pursuant to the Court's April 15, 2015 order, filed another brief of his own on May 28, 2015. See Docket # 24.

Judge Telesca issued a decision on November 24, 2015 (the "Telesca Decision"), "declin[ing] to grant summary judgment on Plaintiff's First Amendment retaliation claim and reinstating Plaintiff's Eighth Amendment claims previously dismissed based on failure to exhaust administrative remedies." Docket # 25, at 10. The Court noted that plaintiff raised issues as to whether he was excused from exhausting his administrative remedies under Hemphill v. New York, 380 F.3d 680 (2d Cir. 2004). And, "[a]part from a conclusory assertion that Plaintiff is not entitled to be excused from exhaustion, Defendant has not addressed in a meaningful manner the Hemphill exceptions to exhaustion, or Plaintiff's specific allegations as to why they are applicable here." Docket # 25, at 9. Judge Telesca went on to say, "[u]nder the circumstances, the Court concludes that, at the very least, the first two Hemphill exceptions apply." Id. at 9-10. Ultimately, Judge Telesca found that "[b]ased on the allegations and documentation submitted in

connection with Plaintiff's supplementary briefing, which Defendant has failed to address, . . . Defendant is equitably estopped from asserting the failure to exhaust." Id. at 10. The Court reinstated the Eighth Amendment claims, which were previously dismissed for failure to exhaust. Id.

Defendant now moves for a hearing to determine whether plaintiff exhausted his administrative remedies. See Motion for Hearing, Docket # 34. Defendant's argument in support of his motion is twofold. First, citing the briefing schedules outlined above, defendant argues Judge Telesca never provided him with an opportunity to rebut plaintiff's exhaustion arguments, and that he cannot be faulted for his failure to raise these issues then. Second, he argues Judge Telesca never conclusively decided the exhaustion issue, and therefore, this Court should hold a hearing to determine whether plaintiff actually exhausted his administrative remedies. See Plaintiff's Brief, Docket # 34-1, at 3.

Plaintiff objected to defendant's "motion to delay the proceedings" on November 18, 2016.[1] See Docket # 36. In his response, plaintiff argued that Judge Telesca's April 15, 2015 scheduling order, afforded defendant an opportunity to respond to

---

[1] Plaintiff's objection is dated November 15, 2016. It is unclear whether, at that time, plaintiff had received a copy of the Court's November 14, 2016 scheduling order, which set a date for plaintiff to respond to defendant's motion.

4

plaintiff's exhaustion claims, and that the Telesca Decision conclusively decided the exhaustion issue. Docket # 34-1, at 2. Plaintiff also argued that under the recent Supreme Court decision in Ross v. Blake, --U.S.--, 136 S. Ct. 1850 (2016), plaintiff's failure to exhaust would be excused. Id. at 4.

Defendant replied on November 28, 2016, arguing that Judge Telesca's ruling that defendant failed to address plaintiff's exhaustion arguments was only for purposes of that pre-discovery motion for summary judgment, and would not preclude a hearing on exhaustion. See Plaintiff's Reply, Docket # 37, at ¶¶ 3-4.

In an what amounts to a sur-reply, plaintiff reiterated that Judge Telesca gave defendant an opportunity to respond to plaintiff's arguments, and argued that defendant's motion is a ploy to delay the proceedings further. See Docket # 38, at 4. Plaintiff also requested that defendant be held in contempt of court and fined "a sanction of costs of one thousand dollars (1000.00) to plaintiff Nelson, for his mental and emotional exhaustion and painful numbness in my hands and finger from responding to such a vexatious frivolous motion." Id. at 5.

Discussion: The Second Circuit has held that, in the context of prison litigation, "the affirmative defense of exhaustion is subject to estoppel." Ziemba v. Wezner, 366 F.3d 161, 163 (2d Cir. 2004). The question here then becomes whether the Telesca Decision properly found that defendant was estopped from raising

5

the exhaustion issue. I do not have the authority to make such a determination.

Although defendant styles his motion as one for a hearing, his arguments are directed principally at the correctness of the Telesca Decision. Indeed, the parties seem to agree that the present dispute concerns Judge Telesca's finding that "[b]ased on the allegations and documentation submitted in connection with Plaintiff's supplementary briefing, which Defendant has failed to address, the Court concludes that Defendant is equitably estopped from asserting the failure to exhaust." Thus, in substance - but not form - defendant asks this Court to reverse (or at the very least, reconsider) Judge Telesca's decision that defendant was estopped from exerting the failure to exhaust. In that way, defendant's motion is more properly considered a motion for reconsideration of the Telesca Decision denying defendant's motion for summary judgment on the exhaustion issue.

The Second Circuit has not squarely addressed whether a magistrate judge can reconsider the decision of district court judge, but the prevailing weight of authority militates against it. The Fifth Circuit has noted that, while it would be unusual for a magistrate judge to decline to follow a district judge's opinion, the magistrate judge may not be bound by the district court's previous decision when: "(1) both parties consent to the jurisdiction of the magistrate judge and (2) the district judge

specifically designates the magistrate judge to conduct civil proceedings." Cooper v. Brookshire, 70 F.3d 377, n.6 (5th Cir. 1995) (emphasis added). Similarly, the Northern District of Ohio found that "Section 636 of the Federal Magistrates Act, which establishes the jurisdiction and powers of federal magistrates, does not authorize magistrates to reconsider prior rulings of a district judge in referred cases." Taylor v. Nat'l Grp. of Companies, Inc., 765 F. Supp. 411, 413-14 (N.D. Ohio 1990). Accordingly, I do not have jurisdiction to hear defendant's motion – the import of which would be to reconsider Judge Telesca's decision – even with consent from the parties.[2] Because defendant's motion would require me to reconsider the Telesca Decision, defendant's motion (Docket # 34) is **denied.**

### Plaintiff's Motion for Appointment of Counsel

In his motion for appointment of counsel, plaintiff argues that he needs Court-appointed counsel because he does not have the experience or knowledge to represent himself on pre-trial and trial matters. See Motion to Appoint Counsel (Docket # 29). For the reasons that follow, plaintiff's motion is denied without prejudice to renew.

---

[2] Plaintiff and defendant agreed orally during a status conference before the Court on November 2, 2016 to this Court's jurisdiction to hear the motion. Defendant consented to this Court's jurisdiction in writing, and plaintiff has stated in writing that he would sign the consent form. However, the parties never consented in writing to magistrate judge jurisdiction on the provided consent form.

7

Indigent civil litigants, unlike criminal defendants, do not have a constitutional right to counsel. See Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994). Nevertheless, a court has the discretion to appoint counsel to represent indigent litigants pursuant to 28 U.S.C. § 1915(e) when the facts of the case warrant it. Sears, Roebuck & Co. v. Charles W Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988); see also, In re Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984). The Second Circuit set forth the factors to be considered in deciding whether or not to assign counsel in Hodge v. Police Officers:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues, and any special reason in the case why appointment of counsel would be more likely to lead to a just determination.

802 F.2d 58, 61-62 (2d Cir. 1986).

In applying the Hodge factors, I believe plaintiff's allegations satisfy the initial threshold showing of merit. See, e.g., Mackey v. DiCaprio, 312 F. Supp. 2d 580, 582 (S.D.N.Y. 2004) (finding that plaintiff's Eighth Amendment claims that defendants subjected him to cruel and unusual punishment satisfied threshold showing of merit); see also Allen v. Sakellardis, No. 02 CV 4373,

2003 WL 22232902, at *1-2 (S.D.N.Y. Sept. 29, 2003) (finding that plaintiff's allegation that correctional officers assaulted him while he was restrained "appears to have some chance of success"). Indeed, plaintiff's claims have already survived defendant's motion for summary judgment. However, after reviewing the complaint and considering the nature of the factual and legal issues involved, as well as plaintiff's ability to present his claims, the I conclude that appointment of counsel is not warranted at this particular time.

"Volunteer lawyer time is a precious commodity" that "should not be allocated arbitrarily." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Here, plaintiff's pro se complaint is detailed in nature and adequately describes the events that allegedly led to his injuries. Especially in light of the recommendation above to not move forward with an exhaustion hearing, the factual circumstances surrounding plaintiff's claims do not appear to be unusually complicated and the legal issues alleged are not so complex as to make it impossible for plaintiff to proceed without counsel. Indeed, plaintiff has successfully represented himself in this case before Judge Telesca, and on appeal before the Second Circuit.

Accordingly, at this juncture at least, plaintiff appears sufficiently knowledgeable and equipped to understand and handle the litigation. See Castro v. Manhattan E. Suite Hotel, 279 F.

Supp. 2d 356, 358 (S.D.N.Y. 2003) (denying appointment of counsel where "the case does not present novel or overly complex legal issues, and there is no indication that [plaintiff] lacks the ability to present his case"). Given the limited resources available with respect to pro bono counsel, the Court finds no "special reason" why appointment of counsel now would be more likely to lead to a just determination. See Boomer v. Deperio, No. 03 CV 6348L, 2005 WL 15451, at *1-2 (W.D.N.Y. Jan. 3, 2005) (denying motion to appoint counsel despite plaintiff's claims that the matter was complex and he had a limited knowledge of law); Harris v. McGinnis, No. 02 CV 6481, 2003 WL 21108370, at *2 (S.D.N.Y. May 14, 2003) (denying motion for appointment of counsel where plaintiff "offered no special reason why appointment of counsel would increase the likelihood of a just determination").

Discovery is just getting underway now, and plaintiff seems to be capable of proceeding on his own. However, as described with respect to the exhaustion issue, plaintiff's status as a prisoner pro se litigant has created some confusion in the past. At this juncture, I do not see the need for appointment of counsel, but I would note that there may come a time when appointment of counsel would be warranted. In the meantime, should he need to, plaintiff may consult with the Western District's pro se office attorneys for questions on process and procedure.

## Conclusion & Scheduling Order

For the reasons stated above, defendant's motion for a hearing (Docket # 34) is **denied** and plaintiff's motion for appointment of counsel (Docket # 29) is **denied** without prejudice to renew. Plaintiff's motion to expedite this proceeding (Docket # 43) is therefore **denied as moot**. The Court declines to impose sanctions.

The Court hereby sets the following scheduling order:

1. To the extent depositions are required, defendants may depose the plaintiff pursuant to Fed. R. Civ. P. 30(a), in person or by telephone at the correctional facility where plaintiff resides at the time of the deposition. The plaintiff shall be provided reasonable notice, at least 30 days in advance of the deposition, pursuant to Fed. R. Civ. P. 30(b)(1). If the plaintiff's deposition is to be taken in person, such security measures shall be taken as are necessary in the opinion of the superintendent of the correctional facility where the deposition is to be taken, including, but not limited to, the presence of corrections officers in the examining room, but provided that no officer assigned as a member of a security detail is a party to this action. Such deposition must be completed by **January 17, 2018.**

2. To the extent not already provided, not later than **October 2, 2017**, defendants shall provide to plaintiff of all persons who were present at, witnessed, or investigated the events

11

from which the plaintiff's claims arose. Defendants shall also provide to plaintiff copies of any documents prepared by any employee of the State of New York, including the Inspector General, in connection with the events from which the plaintiff's claims arose including, but not limited to, the following:

> Incident reports, intra departmental memoranda, use of force reports, witness statements, misbehavior reports, medical treatment records (if release is properly authorized), and transcripts of disciplinary hearings.

If counsel for one or more defendants in good faith believes that production of any of the required documents may disrupt or interfere with prison discipline or procedures, such documents may be produced only to the Court. Furthermore, the defendants and their counsel may redact documents produced to protect the identity of confidential informants, but unredacted copies shall be retained for production to the Court upon request.

3. All discovery, including any expert discovery, in this case shall conclude on **January 17, 2018**. Plaintiff shall not file any discovery demands until after defense counsel has complied with paragraph "2" of this Order.

4. Any motion to compel discovery shall be filed by **January 3, 2018**.

5. All dispositive motions shall be filed no later than **February 28, 2018**. Any such dispositive motion, including any motion related to exhaustion of remedies, must be made before Judge Telesca. **NOTE: If the dispositive motion is filed against a party who is appearing in this action** *pro se,* **the moving party must include the advisement set forth in the notice attached to this Order.**

6. If no dispositive motions are filed, defense counsel shall notify the Court in writing on or before the dispositive motion deadline date.

7. No extension of the above cutoff dates will be granted except upon written joint motion, filed prior to the cutoff date, showing good cause for the extension.

8. **In accordance with Fed. R. Civ. P. 16(f), if a party or party's attorney fails to obey this scheduling order or fails to participate in good faith, this Court may enter appropriate sanctions against that party or that party's attorney, including dismissal of this action, if appropriate.**

SO ORDERED.

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: September 19, 2017
Rochester, New York