UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JEFFREY NELSON,

                                        Plaintiff,

-vs-

CORRECTION OFFICER MARC McGRAIN,

                                        Defendant.

**DECISION AND ORDER**
**No. 6:12-cv-06292(MAT)**

---

## I. Introduction

Jeffrey A. Nelson ("Nelson" or "Plaintiff"), a prisoner in the custody of New York State Department of Corrections and Community Supervision ("DOCCS"), instituted this pro se action pursuant to 42 U.S.C. § 1983 against Correctional Officer Marc McGrain ("McGrain" or "Defendant"), an employee of DOCCS. Nelson alleges that McGrain engaged in conduct that was violative of the Eighth Amendment's prohibition against cruel and unusual punishment and the First Amendment's prohibition against retaliation for protected speech, namely, Plaintiff's filing of grievances against prison staff.

## II. Procedural Status

McGrain moved for summary dismissing the complaint on August 30, 2012, which this Court granted in a decision and order (Dkt #11) dated October 22, 2013. Nelson appealed to the United States Court of Appeals for the Second Circuit, which granted Nelson leave to proceed in forma pauperis on May 8, 2014,

only with respect to his First Amendment retaliation claim, and dismissed the appeal in all other respects.

On March 5, 2015, the Second Circuit issued an order (Dkt #19) vacating in part this Court's decision and order granting summary judgment in favor of Defendant and dismissing Plaintiff's complaint. See Nelson v. McGrain, No. 13-4226-pr (2d Cir. Mar. 5, 2015) (summary order). In particular, the Second Circuit "vacate[d] the judgment insofar as it awarded judgment on [Plaintiff]'s First Amendment claim and remand[ed] for [this Court] to consider that claim in the first instance[,]" and it "further directed [this Court] to consider whether [Plaintiff]'s allegations, understood as retaliation claims, excused any failure to exhaust administrative remedies as to his [1] sexual assault allegations and his [2] claim that false misbehavior reports were filed against him[,]" pursuant to Hemphill v. New York, 380 F.3d 680, 686-90 (2d Cir. 2004). (See Dkt #19, p. 4).

On March 10, 2015, this Court issued an order (Dkt #17) requesting that the parties submit additional briefing on the issues identified by the Second Circuit in its order, namely, (1) the merits of Plaintiff's First Amendment retaliation claim that the Second Circuit discerned in Plaintiff's pleadings, (2) whether Plaintiff's First Amendment retaliation claim excuses, under Hemphill, 380 F.2d at 686-90, Plaintiff's failure to exhaust his administrative remedies as to the following claims (a) his Eighth Amendment claim based on the alleged sexual assault upon him

by Defendant, and (b) his due process claim that false misbehavior reports were filed against him. The order indicated that Defendant's additional briefing was due 30 days from the date of entry; Plaintiff's additional briefing was due 30 days from the date of his receipt of Defendant's briefing, but in no event later than May 11, 2015, at which time the matter would be deemed submitted without oral argument. The order invited the parties to submit any supplemental documents that would assist the Court in resolving the identified issues.

On April 9, 2015, Defendant filed his memorandum of law (Dkt #18). With regard to the exhaustion issue, Defendant argued that none of the Hemphill exceptions to the exhaustion requirement applied because (1) Plaintiff made no claim that administrative remedies were unavailable to him given that he acknowledged filing multiple grievances in the days prior to the alleged incident; (2) Defendant timely raised the exhaustion defense and therefore could not be deemed to have waived it; and (3) no "special circumstances" existed that could justify Plaintiffs failure to exhaust.

The Second Circuit's order was not issued as a mandate until April 9, 2015; it was entered on this Court's docket (Dkt #19) on April 10, 2015.

On April 15, 2015, the Court reissued a scheduling order requesting additional briefing (Dkt #20), as there was a question as to whether Plaintiff had received the prior scheduling order due

to his transfer between facilities.[1] The April 15, 2015 order (Dkt #20) indicated that Defendant's additional briefing was due 30 days from the date of entry; Plaintiff's additional briefing was due 30 days from the date of his receipt of Defendant's briefing, at which time the matter would be deemed submitted.

On April 21, 2015, the Court received Plaintiff's response (Dkt #22) to Defendant's April 9, 2015 memorandum of law. Pursuant to the prison mailbox rule, the response was deemed to have been filed on April 17, 2015, the date on which Plaintiff mailed the document. Plaintiff indicates that he had received Defendant's memorandum but that he had not received permission from the Court to file a submission, which confirmed that Plaintiff had not yet received either of the Court's scheduling orders (Dkt #17, Dkt #20).

On May 28, 2015, the Court received Plaintiff's memorandum of additional briefing (Dkt #24), with exhibits, in regard to the Court's scheduling orders (Dkt #17, Dkt #20).

On November 24, 2015, the Court issued a decision and order (Dkt #25) declining to grant summary judgment to Defendant on Plaintiff's First Amendment retaliation claim and reinstating Plaintiff's Eighth Amendment claims that had been previously dismissed based on the failure to exhaust administrative remedies.

---

[1] The Court's CM/ECF system reflects a docket notation on April 20, 2015, that Plaintiff's address was updated from Attica Correctional Facility to Wende Correctional Facility ("Wende"). On that date, copies of Dkt #17 through Dkt #21 were re-sent to Plaintiff at Wende.

Defendant filed an answer to the complaint on December 8, 2015 (Dkt #26). Discovery has been proceeding over the past two and half years before Magistrate Judge Jonathan W. Feldman.

On November 10, 2016, Defendant filed a motion for a hearing (Dkt #34) before Magistrate Judge Feldman to determine whether Plaintiff exhausted his administrative remedies. Citing the two scheduling orders (Dkt #17, Dkt #20), Defendant argued that this Court (1) never provided him with an opportunity to rebut Plaintiff's exhaustion arguments, and (2) did not conclusively decide the exhaustion issue in its November 24, 2015 order. Defendant accordingly requested that Magistrate Judge Feldman hold a hearing to determine whether Plaintiff actually exhausted his administrative remedies. Plaintiff filed a document captioned as "objection memorandum to the defendant's motion to delay the proceedings" (Dkt #36). Plaintiff argued that the Court did afford Defendant an opportunity to respond to Plaintiff's exhaustion argument, and that the November 24, 2015 order conclusively decided the exhaustion issue. Plaintiff also submitted that under the then-recent Supreme Court decision in Ross v. Blake, ___ U.S. ___, 136 S. Ct. 1850 (2016), any failure to exhaust would be excused. Defendant filed an attorney declaration (Dkt #37) in response on November 28, 2016, arguing that this Court's ruling that Defendant failed to address Plaintiff's exhaustion arguments was only for purposes of that pre-discovery motion for summary judgment, and would not preclude a hearing on exhaustion. Plaintiff filed what

essentially was a sur-reply (Dkt #38), reiterating that the Court afforded Defendant an opportunity to respond to Plaintiff's arguments, and argued that Defendant's motion was a delaying tactic warranting the imposition of a monetary sanction.

On September 19, 2017, Magistrate Judge Feldman issued a decision and order (Dkt #44) finding that Defendant's motion for a hearing was, in substance if not in form, a motion for reconsideration of this Court's November 24, 2015 decision and order. After thoroughly canvassing the relevant case law, Magistrate Judge Feldman determined that he did "not have jurisdiction to hear defendant's motion—the import of which would be to reconsider [this Court]'s decision—even with consent from the parties." (Dkt #44, p. 7 (footnote omitted)).

On January 3, 2018, Defendant filed a pleading captioned as a "motion for clarification" (Dkt #55) of this Court's November 24, 2015 decision and order (Dkt #25). Nelson filed a memorandum in opposition (Dkt # 56), and Defendant filed a reply (Dkt #57).

For the reasons discussed below, Defendant's motion for clarification is denied.

**III. Discussion**

    **A.    The Untimeliness of Plaintiff's Submissions**

Defendant contends that Plaintiff's submissions in response to the Court's scheduling orders (Dkt #17, Dkt #20) amounted to unauthorized sur-replies, and also were untimely. This argument does not find support in the chronology of filings, detailed supra

in Section II. After the Court's first scheduling order (Dkt #17), Defendant filed his response on April 9, 2015; Plaintiff's response was due 30 days from his receipt of that pleading. Even though Plaintiff did not timely receive a copy of the scheduling order, he nevertheless filed a response on April 16, 2015, which was within 30 days of his receipt of Defendant's response. The Court subsequently issued a second scheduling order; Defendant did not file an additional response, although Plaintiff did file another submission. This submission cannot be deemed a sur-reply because Defendant never filed a reply. In sum, Plaintiff's submissions were not untimely; nor were they unauthorized.

**B.  The Proper Characterization of Defendant's Motion**

Plaintiff contends that Defendant's motion is properly characterized as a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e), and that it is untimely because it was not filed within 30 days of the order in question. As Magistrate Judge Feldman cogently explained, Defendant's "arguments are directed principally at the correctness of the [November 24, 2015] Decision. Indeed, the parties seem to agree that the present dispute concerns [this Court]'s finding that '[b]ased on the allegations and documentation submitted in connection with Plaintiff's supplementary briefing, which Defendant has failed to address, the Court concludes that Defendant is equitably estopped from asserting the failure to exhaust.' . . ." (Dkt #44, p. 6).

Defendant maintains that he is simply seeking "clarification" from the Court as to whether the November 24, 2015 ruling was "for purposes of the motion only, and that he may pursue, in motions or at a hearing, dismissal of all unexhausted claims." (Dkt #55-1, p. 3). The Court agrees with Magistrate Judge Feldman that Defendant's motion is more properly considered a motion for reconsideration of the this Court's decision denying Defendant's motion for summary judgment on the exhaustion issue. (Id.).

A motion for reconsideration "must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). The time limitation in Rule 59(e) "is uncompromisable[,]" Lichtenberg v. Besicorp Grp. Inc., 204 F.3d 397, 401 (2d Cir. 2000), for [Fed. R. Civ. P.] 6(b) provides, in pertinent part, that the district court 'may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e).'" Id. (quoting FED. R. CIV. P. 6(b)(2)).

The question then becomes whether Defendant's motion should be recharacterized as a motion pursuant to Rule 60(b). The law in the Second Circuit is clear that untimely Rule 59(e) motions may be "properly considered a motion under [Rule] 60(b)." Branum v. Clark, 927 F.2d 698, 704 (2d Cir. 1991); see also, e.g., Kotlicky v. United States Fidelity & Guar. Co., 817 F.2d 6, 8 (2d Cir. 1987) ("Appellant . . . designated his motion as one brought pursuant to Federal Rule of Civil Procedure 59. However, the motion should in fact be treated as a Rule 60(b) motion, since it was filed more

-8-

than ten days after the entry of judgment."). "Rule 60(b), in turn, contains six bases for which a motion may be properly brought for the general purpose of seeking 'relief' from 'a final judgment, order, or proceeding' and prescribes a substantially lengthier limitation period." Ueno v. Napolitano, No. 04 CV 1873 (SJ)VVP, 2007 WL 1395517, at *2 (E.D.N.Y. May 11, 2007) (quoting FED. R. CIV. P. 60(b)(1)-(6) ("The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, proceeding was entered or taken.")). In deciding a Rule 60(b) motion, a court "must balance the policy in favor of hearing a litigant's claims on the merits against the policy in favor of finality." Kotlicky, 817 F.2d at 9 (citation omitted). In furtherance of that goal, Rule 60(b) "should be broadly construed to do 'substantial justice,' yet final judgments should not 'be lightly reopened.'" Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986) (quotation and citations omitted). Moreover, since Rule 60(b) "allows extraordinary judicial relief, it is invoked only upon a showing of *exceptional circumstances*." Id. (collecting cases; emphasis supplied). The Second Circuit has emphasized that Rule 60(b) "may not be used as a substitute for a timely appeal." Id. (collecting cases).

Cognizant of the Second Circuit's directive that Rule 60(b) should be "broadly construed" to do "substantial justice," the Court has considered Defendant's argument that the Court acted unfairly in not permitting him an opportunity to reply. Although it

is true that the Court's scheduling orders did not provide for the filing of reply pleadings, there is no reason why Defendant could not have requested the Court to allow him to file an additional submission addressing Plaintiff's exhaustion arguments. Indeed, the Court notes that prior to filing the instant motion, Defendant's attorney called the Court's Chambers and verbally requested the same relief sought in this application. Defendant certainly had ample time[2] in which to do so prior to the Court's filing of the order addressing the exhaustion issue. After the Court issued its order on November 24, 2015, Defendant waited more than two years before he filed his motion for clarification claiming that he had been treated unfairly. All of these factors militate against a finding that it is necessary to invoke Rule 60(b) to do substantial justice. Moreover, Defendant has not demonstrated the existence of exceptional circumstances, and none are apparent to this Court on the present record. Absent a showing of exceptional circumstances, the longstanding precedent in this Circuit makes clear that relief under Rule 60(b) is not warranted. See, e.g., United States v. Cirami, 563 F.2d 26, 30 (2d Cir. 1977) ("[T]he movant under Rule 60(b)(6) must show 'exceptional circumstances' or 'extreme hardship.'") (quotation omitted).

---

[2] Plaintiff's second submission was received on May 28, 2015. Thus, approximately six months elapsed before the Court filed its order on November 24, 2015.

**IV. Conclusion**

For the foregoing reasons, Defendant's motion for clarification (Dkt #55), which in substance is a motion for reconsideration, is **denied**.

**SO ORDERED.**

S/Michael A. Telesca

HON. MICHAEL A. TELESCA
United States District Judge

Dated: May 31, 2018
Rochester, New York.