UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
─────────────────────────────────
JEFFREY A. NELSON,

v.                                              DECISION & ORDER
                                                12-CV-6292-MAT-JWF

MARC MCGRAIN,
                Defendant.
─────────────────────────────────



## Background

The plaintiff Jeffrey A. Nelson ("the plaintiff" or "Nelson") commenced this action pursuant to 42 U.S.C. § 1983 asserting that defendant Correction Officer Marc McGrain ("McGrain" or "the defendant") violated the plaintiff's First and Eighth Amendment constitutional rights on various occasions while he was housed at Southport Correctional Facility. McGrain filed for summary judgment with respect to each of these occasions, and the Honorable Michael A. Telesca dismissed all of Nelson's claims. See Decision & Order, Docket # 11.

The plaintiff appealed Judge Telesca's decision to the Second Circuit. On appeal, the Second Circuit "vacate[d] the judgment insofar as it awarded judgment on [plaintiff's] First Amendment claim and remand[ed] for [the Court] to consider that claim in the first instance." Nelson v. McGrain, 596 Fed. App'x 37, 38 (2d Cir. 2015).

Judge Telesca issued a decision on November 24, 2015, "declin[ing] to grant summary judgment on Plaintiff's First Amendment retaliation claim and reinstating Plaintiff's Eighth

1

Amendment claims previously dismissed based on failure to exhaust administrative remedies." Docket # 25, at 10. Judge Telesca noted that the plaintiff raised issues as to whether he was excused from exhausting his administrative remedies under Hemphill v. New York, 380 F.3d 680 (2d Cir. 2004).

On November 10, 2016, the defendant moved for a hearing on the plaintiff's exhaustion of remedies. See Docket # 34. This Court denied the defendant's motion on September 19, 2017 and set a new scheduling order. See Docket ## 44-45. The Court ordered that McGrain provide names of "all persons who were present at, witnessed, or investigated the events from which the plaintiff's claims arose." The decision also ordered the defendants to

> provide to plaintiff copies of any documents prepared by any employee of the State of New York, including the Inspector General, in connection with the events from which the plaintiff's claims arose including, but not limited to, the following: Incident reports, intra departmental memoranda, use of force reports, witness statements, misbehavior reports, medical treatment records (if release is properly authorized), and transcripts of disciplinary hearings.
>
> If counsel for one or more defendants in good faith believes that production of any of the required documents may disrupt or interfere with prison discipline or procedures, such documents may be produced only to the Court. Furthermore, the defendants and their counsel may redact documents produced to protect the identity of confidential informants, but unredacted copies shall be retained for production to the Court upon request.

Docket # 44, at 12. The plaintiff now moves to compel production of the above-referenced documents (Docket # 48).

2

Since that time, McGrain moved Judge Telesca for an order clarifying his November 24, 2015 Decision (Docket # 55). Judge Telesca denied that motion on May 31, 2018 (Docket # 59). Thereafter, the defendant sought and obtained an order extending discovery to July 6, 2018 and the filing of dispositive motions to August 6, 2018. Docket # 61. The plaintiff opposed this amended scheduling order (Docket # 62) and moved to expedite disposition of the case (Docket # 63). No further dispositive motions were filed by either side. Currently before the Court are the plaintiff's motions to compel (Docket # 48) and to expedite proceedings (Docket ## 62, 63).

## Discussion

The plaintiff claims that the defendant did not produce all of the relevant documents contained in the Court's September 18, 2017 Order. On October 2, 2017, McGrain disclosed the names of known witnesses and five grievance files. See Docket # 46. On October 22, 2017, Nelson moved to compel production of documents he says the defendant should have disclosed earlier, but did not: inspector general reports; the plaintiff's misbehavior report; transcripts of the disciplinary hearings; and grievance files from inmate grievances SPT 51824-11, SPT 51733-11, SPT 51376-11, SPT 51149-11, and SPT 49245.

The defendant responds that the "[p]laintiff has never served discovery demands of any kind." Docket # 50, at 1. Specifically,

3

McGrain argues that "[n]one of the grievances listed were preserved as they have nothing to do with any allegations in the Complaint." Id. Instead, according to the defendant, one of the grievances "alleged prison staff hired inmates to harass Plaintiff" and the "remaining grievances pertain to ear pain." Id. at 1. McGrain filed another response on November 27, 2017, admitting that the grievances Nelson discussed were filed, but denying that any of them had anything to do with the facts surrounding plaintiff's complaint. Docket # 52, at 1-2. The defendant also states that the "[p]laintiff makes no reference in the Complaint to any misbehavior reports, disciplinary hearings or other memoranda. Plaintiff is, of course, welcome to identify and seek any such reports in a discovery demand." Id. at 2. Defense counsel's submission seems to indicate that the five grievances may no longer exist, but it does not appear defense counsel ever confirmed whether the grievances ever existed and whether they still exist now.

McGrain's responses ignore much of the Court's September 19, 2017 Order and appears to avoid complying with that Order by blaming Nelson for failing to demand or reference the documents in his complaint. Contrary to the defendant's assertion, the plaintiff was not required to serve any demands requesting these documents. The Court ordered that McGrain turn over certain documents and the defendant has not complied with that Order.

4

The defendant is correct that Nelson did not refer to the complaints at issue by name in his complaint. But it is possible that, even if the grievances do not correspond directly the plaintiff's claims, they may have been the impetus for the events described in the complaint. For example, the plaintiff states that during his confinement, he had "diligently sought medical care for his impair [sic] hearing" and that the defendant had yelled at Nelson to "stop writing complaints on the staff's!" Complaint, Docket # 1 at ¶¶ 8-9. McGrain admits that the grievances the plaintiff seeks in his motion pertained to his ear pain and alleged harassment. Without more facts, I cannot definitively say that the grievances are irrelevant to the plaintiff's claims. Indeed, based on defense counsel's own submission, it appears that the grievances are at least related to facts set forth in the plaintiff's complaint. I am therefore inclined to find that the five grievances at issue in plaintiff's motion would be the proper subject of discovery in this case.

Therefore, by <u>October 22, 2018</u>, the defendant shall disclose to the plaintiff, the following documents, <u>irrespective of whether the plaintiff explicitly referenced them in his complaint</u>:

> copies of any documents prepared by any employee of the State of New York, including the Inspector General, in connection with the events from which the plaintiff's claims arose including, but not limited to, the following: Incident reports, intra departmental memoranda, use of force reports, witness statements, misbehavior reports, medical treatment records (if

5

release is properly authorized), and transcripts of disciplinary hearings.

The defendant shall also confirm <u>in writing</u> that files from inmate grievances SPT 51824-11, SPT 51733-11, SPT 51376-11, SPT 51149-11, and SPT 49245 do not exist. If they do not exist, the defendant should explain why. If they do exist, the defendant shall disclose the grievance files to the plaintiff. As he acknowledged, McGrain shall also arrange for a controlled review of Inspector General reports discussed in the plaintiff's motion.

### Conclusion

For the foregoing reasons, the plaintiff's motion to compel (Docket # 48) is **granted**. The defendant shall produce the documents discussed above, or, if they do not exist, certify as such. Accordingly, plaintiff's motions to expedite (Docket ## 62, 63) are **moot**. Discovery is now closed and the case is ready for trial. Having failed to file any additional dispositive motions, the matter will be referred for trial, and no additional extensions of time will be granted.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: September **26**, 2018
Rochester, New York