UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JEFFREY NELSON,

                        Plaintiff,

v.

                        Case # 12-CV-6292-FPG

                        DECISION AND ORDER

CORRECTION OFFICER MARC McGRAIN,

                        Defendant.

## INTRODUCTION

On May 28, 2019, Defendant Correction Officer Marc McGrain filed trial documents containing three motions *in limine*: two motions to preclude Plaintiff Jeffrey Nelson's pursuit of claims not included in the complaint at trial and a motion to preclude Plaintiff from pursuing compensatory damages for non-physical injuries as defined under 42 U.S.C. § 1997e(e). ECF No. 77 at 20-23. On June 7, 2019, Plaintiff filed a document opposing Defendant's motions and making three motions of his own: to preclude use of medical records obtained without his consent, use of a misbehavior report of unknown origin, and questions regarding Plaintiff's criminal history. ECF No. 81 at 10-12. For the following reasons, Defendant's motions are GRANTED and Plaintiff's motions are DENIED.

## BACKGROUND

Plaintiff filed a complaint on May 30, 2012, alleging various violations of his First and Eighth Amendment constitutional rights perpetrated by Defendant. ECF No. 1. Defendant's acts include various, harassing verbal statements, tampering with Plaintiff's food, and a physical and sexual assault. *Id.*

Defendant filed a motion for summary judgment on August 30, 2012, ECF No. 7, which the Court granted on October 22, 2013. ECF No. 11. Plaintiff appealed the decision on October 30, 2013, and the United States Court of Appeals for the Second Circuit remanded the case for further proceedings on April 10, 2015. ECF No. 19. To comply with the Second Circuit's directions, the Court requested additional briefing from the parties, which they submitted. ECF Nos. 18, 24.

In Plaintiff's additional briefing, he mentions additional events not mentioned in the Complaint: he was allegedly beaten by two corrections officers in his sleep at Clinton Correctional Facility and cut a vein in his left arm with an issued shaving razor because of the mental anguish he was suffering from the abuse. ECF No. 24 at 7-8.

At the Pretrial Conference held on June 3, 2019, Plaintiff discussed those events and his intent to seek damages for time he spent in the Special Housing Unit, a disciplinary unit, and in mental health treatment. He mentions neither in the Complaint.

## DISCUSSION

### I. Additional Claims

Defendant first argues that Plaintiff cannot seek damages related to the beating, self-harm, and time spent in SHU and mental health facilities because none of these alleged events are discussed in the Complaint. The Court agrees.

When plaintiffs raise claims during litigation that are not included in the complaint, courts may interpret doing so as a motion to amend the complaint. *Ayazi v. New York City Dep't of Ed.*, 586 F. App'x 600, 602 (2d Cir. 2014) (summary order). While Federal Rule of Civil Procedure 15 encourages courts to allow amendment "when justice so requires," they may deny amendment if "countervailing factors such as undue delay, bad faith, undue prejudice to the opposing party, or

futility of amendment" are present. *Coney Island Resorts, Inc. v. Giuliani*, 103 F. Supp. 2d 645, 657 n.8 (E.D.N.Y. 2000).

Here, the Court declines to allow Plaintiff to amend the Complaint to incorporate these new claims so that he may pursue them at trial. Adding the claims at this stage—three weeks before trial, after the close of discovery, and over seven years after Plaintiff filed the Complaint— would cause undue delay and undue prejudice to the Defendant in the form of further discovery and motion practice and delay of trial. *Ayazi*, 586 F. App'x at 602 ("[T]he addition of the new claim would prejudice defendant insofar as it required additional evidence and, possibly, motion practice."); *Parrish v. Sollecito*, No. 01 Civ. 5420, 2003 WL 1856509, at *2 (S.D.N.Y. Apr. 7, 2003) (denying motion to amend shortly before trial because further discovery may be required, "thus delaying the trial unduly and causing prejudice to the Defendants"); *contra Presser v. Key Food Stores Co-op, Inc.*, 218 F.R.D. 53, 56 (E.D.N.Y. 2003) (granting motion to amend before trial where discovery had not begun and trial date was not set). The prejudice and delay would also be exacerbated since Plaintiff seeks to add new defendants and claims not already in the Complaint. *But see Presser*, 218 F.R.D. at 56 ("Plaintiff does not seek to add a new cause of action, but to add a class of plaintiffs on a claim already in the complaint."). Consequently, the Court denies Plaintiff's motion to amend. Plaintiff may not seek damages related to the alleged beating, self-harm, or for the time spent in the SHU or mental health facilities.

## II. Non-physical Injuries

Defendant next argues that Plaintiff cannot seek compensatory damages for alleged, non-physical injuries he incurred because of Defendant's conduct.[1] Plaintiff seeks damages for an alleged pattern of harassment and abuse occurring between August 29, 2011, and September 16,

---

[1] Defendant does not argue that Plaintiff cannot seek compensatory damages for an alleged sexual assault and bacterial infection perpetrated by Defendant. *See* ECF No. 1 at 6-9 (describing bacterial infection and sexual assault).

2011.  During that timeframe, Defendant allegedly made several harassing statements, passed gas in Plaintiff's cell, and spit in Plaintiff's food.  Because of these acts, Plaintiff experienced fear, panic attacks, stress, headaches, nausea, hunger, weakness, painful pressure around his temples, and mental anguish.  ECF No. 1 at 4-6.

Under 42 U.S.C. § 1997e(e), prisoners may not bring a civil action to recover for a mental or emotional injury without a preceding physical injury.  "There is no statutory definition of 'physical injury' as used in 42 U.S.C. § 1997e(e)," but a physical injury is more than a "*de minimis* injury." *Liner v. Goord*, 196 F.3d 132, 135 (2d Cir. 1999).  Courts within this district have defined "mental or emotional injuries" to include headaches, nausea, anxiety, mental anguish, post-traumatic stress disorder, paranoia disorder, and dizziness. *E.g.*, *Xavier Oneil v. Corr. Officer S. Rodriguez*, No. 18-CV-3287 (AMD) (LB), 2019 WL 2304648, at *2 (E.D.N.Y. May 29, 2019) (collecting cases); *Antrobus v. City of New York*, No. 11-CV-2524, 2014 WL 1285648, at *6 (S.D.N.Y. Mar. 27, 2014); *Darvie v. Countryman*, No. 9:08-CV-0715 (GLS/GHL), 2009 WL 161219, at *9 n.49 (N.D.N.Y. Jan 22, 2009) (adopting report and recommendation) (collecting cases).

The Court finds that Plaintiff may not seek compensatory damages for the alleged injuries since they constitute mental or emotional injuries without a preceding physical injury.  None of the alleged injuries followed physical contact with the Defendant; they all stemmed from harassing interactions. *See Liner*, 196 F.3d at 135 (finding alleged sexual assaults would "[c]ertainly" constitute a physical injury).  Additionally, nearly all of Plaintiff's alleged injuries have been found to be non-physical injuries by district courts within this Circuit.

Plaintiff alleges similar injuries that stemmed from the alleged bacterial infection and sexual assault.  ECF No. 1 at 6 (alleging nausea and painful stomachaches because of the bacterial

infection); 8-10 (alleging headaches, mental anguish, and an emotional breakdown because of the sexual assault). He may seek compensatory damages for those injuries since they were preceded by a physical injury. He may not, however, seek compensatory damages for the injuries sustained because of the alleged harassment.

**III.  Plaintiff's Motions**

Finally, Plaintiff moves to preclude use of medical records obtained without his consent, use of a misbehavior report of unknown origin, and questions regarding Plaintiff's criminal history. ECF No. 81 at 10-12. The Court denied these motions at the pretrial conference; they are all denied for the reasons the Court already discussed. *See* ECF No. 80.

## CONCLUSION

For the foregoing reasons, Plaintiff's motions *in limine*, ECF No. 80 at 10-12, are DENIED, and Defendant's motions *in limine*, ECF No. 77 at 20-23, are GRANTED.

IT IS SO ORDERED.

Dated: June 25, 2019
  Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court